UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LINDA VOORHEIS,

                              Plaintiff,

v.                                                      6:98-CV-0530
                                                        (GHL)
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

APPEARANCES:                                    OF COUNSEL:

BLUMKIN & FINLAY                                JOY BLUMKIN, ESQ.
*Attorneys for Plaintiff*
202 East State Street
Suite 507
Ithaca, New York 14850

HON. GLENN T. SUDDABY                           WILLIAM H. PEASE, ESQ.
United States Attorney for the                  Assistant United States Attorney
  Northern District of New York
*Attorney for Defendant*
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

## ORDER[1]

## I.       BACKGROUND

### A.       Procedural History

Plaintiff filed an application for disability insurance benefits on June 18, 1992.

(Administrative Transcript ("T") at 62-64.)  The application was denied initially and upon

reconsideration.  (T. at 66, 81.)  Plaintiff requested a hearing before an Administrative Law Judge

---

[1]  This matter is before the Court by consent of both parties.  (Dkt. No. 18.)

("ALJ") which was held on June 25, 1993. (T. at 36-59.) On October 14, 1993, ALJ James C. Johnsen issued a decision finding that plaintiff was not disabled. (T. at 232-237.) Plaintiff requested reconsideration on October 19, 1993 (T. at 238) and the Appeals Council vacated ALJ Johnsen's decision and remanded the matter. (T. at 267-269.)

On July 12, 1994, ALJ Johnsen again denied benefits (T. at 16-24) and the Appeals Council denied plaintiff's request for review on February 8, 1995 (T. at 384-385). Plaintiff commenced an action in this Court (Civ. No. 6:95-CV-0508) and Magistrate Judge Gustave J. Di Bianco recommended remand on June 27, 1996. (T. at 387-399.) Upon the parties' consent by stipulation, *nunc pro tunc*, Judge Di Bianco's recommendations were considered to be the Memorandum Decision and Order of the Court. (T. at 401.)

On November 5, 1997, after a hearing, ALJ Johnsen denied benefits and the Appeals Council denied plaintiff's request for review. (T. at 278-279, 270-274.) Plaintiff commenced another action in this Court (Civ. No. 6:98-CV-0530). Because of an incomplete tape recording of the hearing, the parties stipulated to remand the matter pursuant to sentence six of 42 U.S.C. § 405(g). (Dkt. No. 5.) The Appeals Council vacated the ALJ's July 25, 1997 decision and remanded the matter. (T. at 577-578.)

On December 15, 1999, after hearings were held, ALJ Franklin T. Russell issued an unfavorable decision. (T. at 495-565.) Although exceptions to ALJ Russell's decision were filed, the Appeals Council concluded they were untimely. (T. at 648.) However, because the tapes of the June 3, 1999, August 17, 1999, and October 20, 1999 hearings could not be located, on September 9, 2000, the Appeals Council vacated ALJ Russell's December 15, 1999 decision. (T. at 653.)

Hearings were held before ALJ Russell on December 5, 2000 and April 17, 2001.  (T. at 495-519, 479-494.)  On September 13, 2001, ALJ Russell issued an unfavorable decision and his decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on June 10, 2002.  (T. at 479-494, 433.)  Briefing by the parties in this Court was completed in January, 2003.

## II.    ALJ FRANKLIN T. RUSSELL

As noted above, on September 13, 2001, ALJ Russell submitted an unfavorable decision in this matter, and it is his decision that is at issue in this litigation.  However, on November 30, 2005, an Associate Commissioner of the Defendant's Office of Hearings and Appeals issued a Final Agency Decision finding that ALJ Russell's "failure to follow agency policies and procedures coupled with his frequently critical tone and contentious manner have deprived the claimants . . . of full and fair hearings."  Dkt. No. 19, Part 2 at 27-28.  The Agency "agree[d] to voluntary remands of all pending district court cases in which ALJ  Russell was the deciding official for a new hearing before a different ALJ."  Dkt. No. 19, Part 2 at 28.

## III.    THE PARTIES' POSITIONS

The Plaintiff points out that "[t]his case has traveled back and forth between the U.S. District Court and the Administration since 1995" and that "[a]fter four *de novo* hearings . . . the Commissioner has utterly failed to shoulder her burden of proof."  Therefore, Plaintiff argues, the Commissioner "should not be given a fifth bite at the apple," but rather judgment should be entered in her favor, with remand for the sole purpose of payment of benefits.  Dkt. No. 19, Part 1.

The Defendant asserts that payment of benefits should be ordered "only in those rare

3

instances where the record contains 'persuasive proof of disability' and remand for further evidentiary proceedings would serve no further purpose." Dkt. No. 23 at 1.  This is not such a case, Defendant argues, because here there is record evidence supporting the assessment that Plaintiff was not under a disability.  Dkt. No. 23 at 3.

## IV.    DISCUSSION

The Court shares Plaintiff's lament that this matter has not yet been finally resolved.  It is particularly frustrating, to all, that on two occasions significant delays occurred because of problems with the tape recordings of hearings.  It is additionally frustrating to this Court that the matter has been under advisement for over two years.  Nevertheless, "absent sufficient evidence of disability, delay alone is not a valid basis for remand solely for calculation of benefits." *Brown v. Commissioner of Soc. Sec.*, Civ. No. 00-1147, 2005 WL 1745655, at *2 (N.D.N.Y. June 30, 2005) (Sharpe, D.J.) (citing *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996)).

Here, prior to the issuance on November 30, 2005, of the Final Agency Decision, the Court had extensively reviewed the parties' briefs and the record, and a Decision and Order had been prepared in draft form.  It is clear to the Court that there is not, on the present record, sufficient evidence of disability to justify remand for calculation of benefits.  However, ALJ Russell might have prevented Plaintiff from having a full and fair hearing, and adequate probative evidence might be developed at a hearing before an ALJ other than Mr. Russell. Therefore the matter will be remanded for further proceedings, but pursuant to a firm schedule. *See Butts v. Barnhart*, 416 F.3d 101, 106 (2d Cir. 2004).

**ACCORDINGLY**, it is hereby

**ORDERED**, that this matter be remanded to the Commissioner for further proceedings,

4

including, *inter alia*, a new hearing, which shall be held before an ALJ other than Mr. Russell.

These proceedings shall be held and a decision shall be issued  within **ninety (90) days** from the

date Plaintiff is prepared to go forward.  If the ALJ issues a decision denying benefits, a final

decision of the Commissioner shall be rendered within **sixty (60) days** of Plaintiff's appeal from

the ALJ's decision.

Dated: February 16, 2006
      Syracuse, New York

George H. Lowe
United States Magistrate Judge